1 | PAUL GUESS
2 | 22 La Vuelta Street
  | Vallejo, CA 94590
3 | Telephone: (707) 558-9201
  | E-mail: paulguess@sbcglobal.net    E-filing
4 | Plaintiff Pro Se

**FILED**

JUN - 1 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | PAUL GUESS,                              Case No. **C12-02829**

12 |          Plaintiff,                     COMPLAINT FOR: **JCS**
                                            — DISCRIMINATION IN
13 | vs.                                        VIOLATION OF
                                                42 U.S.C. § 2000(e)-2; and
14 | CONTRA COSTA COMMUNITY                  — DISCRIMINATION IN
   | COLLEGE DISTRICT, DIABLO                    VIOLATION OF
15 | VALLEY COLLEGE,                             42 U.S.C. § 1983
   | HELEN BENJAMIN, PETER GARCIA,
16 | GENE HUFF, SUSAN LAMB, and          **ADR**
   | ELLEN KRUSE,
17 |
   |          Defendants.
18 |
   | _____/
19 |

20 | Plaintiff PAUL GUESS alleges as follows:

21 |                    **Jurisdiction and Venue**

22 |     1.      Jurisdiction is proper in this court under 28 U.S.C. §1331 because at least one

23 | of plaintiff's claims for relief is based on a federal statute, in particular, 42 U.S.C. § 1983

24 | and 42 U.S.C. § 2000(e) (Title VII of the Civil Rights Act of 1964).

25 |     2.      Venue is proper in the Northern District of California under 28 U.S.C.

26 | § 1391(b)(1) because at least one of the defendants resides in this district and all of the

27 | defendants are residents of California and under 28 U.S.C. § 1391(b)(1) because a

28 |

1 | substantial portion of the actions or omissions giving rise to the claims alleged herein
2 | took place in this district.

3 | **Parties**

4 | 3. Plaintiff Paul Guess is a resident of Vallejo, Solano County, California. Guess
5 | was a tenured teacher at Diablo Valley College in Contra Costa County, California where
6 | he taught English from 1990 until he was terminated in February 2012.

7 | 4. Defendant Contra Costa Community College District ("the District") is an
8 | independent community college district organized under the laws of the State of
9 | California. The District operates three community colleges in Contra Costa County,
10 | California, on five campuses. The District's office is in Martinez, Contra Costa County.

11 | 5. Defendant Diablo Valley College is one of the colleges operated by the District
12 | with campuses in Pleasant Hill and San Ramon, Contra Costa County.

13 | 6. Defendant Helen Benjamin ("Benjamin") is the Chancellor of the District. On
14 | information and belief, Benjamin is a resident of Contra Costa County.

15 | 7. Defendant Peter Garcia ("Garcia") is the President of DVC. Garcia became the
16 | President in 2010. On information and belief, Garcia is a resident of Contra Costa
17 | County.

18 | 8. Defendant Gene Huff ("Huff") is the Vice Chancellor for Human Relations and
19 | Chief Negotiator of the District. On information and belief, Huff is a resident of Contra
20 | Costa County.

21 | 9. Defendant Susan Lamb ("Lamb") is the Vice President of Instruction at DVC
22 | where she has held that position since 2008. On information and belief, Lamb is a
23 | resident of Contra Costa County.

24 | 10. Defendant Ellen Kruse ("Kruse") is the Dean of the English and Business
25 | departments at DVC where she has held that position since 2009. On information and
26 | belief, Kruse is a resident of Contra Costa County.

27

28

**General Allegations**

11.     Plaintiff Paul Guess ("Guess") is an African-American professor of English. In the Fall of 1990, plaintiff was hired as a probationary instructor in the English Department at DVC. Guess became a tenured professor at DVC in 1992 and taught English for twenty-two years until he was terminated in February, 2012. Guess was one of only two African-American male professors at DVC, a school not known for its diversity among its faculty.

12.     During his twenty-two years at DVC, Guess had an occasionally contentious relationship with the District, DVC management and a small number of his students. Guess' teaching methods and demeanor occasionally rubbed some of his students the wrong way and led to a handful of complaints against him, most of which were dismissed as unsubstantiated.

13.     Guess also had his own complaints about his treatment by DVC and the District's management. During his employment at DVC, Guess filed grievances against the District through his union, United Faculty ("UF"), the exclusive bargaining unit for the teaching staff at DVC and other colleges in the District. Guess's grievances were related to what he perceived as discriminatory evaluations of his performance and improper treatment in violation of the collective bargaining agreement ("CBA") between the District and UF. Guess filed seven separate grievances in the period from March, 2010 through February 2012, over issues ranging from class assignments, to scheduling to medical leave, including a final grievance regarding his termination. Most of these grievances were denied in whole, including the grievance about his termination.

14.     In October, 2011, charges were filed against Guess alleging violations of various sections of the California Education Code, in particular, Education Code §87732 (a),(b),(c),(d) and (f). A "Skelly hearing" (a hearing required under California law at which a public employee may present evidence in support of his or her defense) was held on January 31, 2012. On February 7, 2012, following the Skelly hearing, Chancellor

1    Helen Benjamin sent Guess a letter in which she stated her intent to recommend to the
2    Board of Trustees of the District ("the Board") that Guess be terminated. Following the
3    Board's meeting on February 22, 2012 at which the charges against Guess were
4    presented, the Board adopted a resolution that Guess be suspended and terminated,
5    effective immediately. Guess was then terminated per the Board's decision.

6    15.    Guess filed three complaints with the federal Equal Employment Opportunity
7    Commission ("EEOC") regarding the District's and DVC's treatment of him during his
8    tenure at DVC. Guess filed a complaint in December, 2010 and later a second and third
9    complaint on May 24 and May 25, 2012. The two complaints filed in May relate in
10   particular to his termination.

11   16.    The EEOC issued Guess a "Dismissal and Notice of Rights" letter dated March
12   1, 2012 based on his first EEOC complaint, granting Guess the right to bring this action
13   against DVC. Therefore, Guess has exhausted his administrative remedies prior to filing
14   this claim under Title VII.

15

16                              **FIRST CLAIM FOR RELIEF**

17                           **Violation of 42 U.S.C. §2000(e)-2**

18                       **(Title VII of the Civil Rights Act of 1964)**

19     **Against Contra Costa Community College District and Diablo Valley College**

20   17.    Guess incorporates by reference paragraphs 1-16 above.

21   18.    Under 42 U.S.C. §2000(e)-2(a)(1), it is a violation of law for an employer to
22   discriminate against an employee because of that employee's race with respect to his
23   compensation, terms, conditions, or privileges of employment.

24   19.    The District and DVC engaged in impermissible discrimination against Guess
25   based on his race (African-American) including, but not limited to the following course
26   of conduct:

27

28
                                        4

20. From 2010 until February 2012, when Guess was terminated, the District and DVC failed to properly investigate student complaints against Guess and issued warnings and reprimands against Guess based on false or misleading statements in complaints filed against him by students;

21. In and around March 15, 2010, the District and DVC did not properly credit Guess for classes as part of his teaching load as required by the collective bargaining agreement between the District and his union, the UF, resulting in a loss of pay;

22. The District and DVC improperly calculated Guess's class deficit (the ratio of classes actually taught to classes contractually required to be taught), resulting in an increased class load.

23. The District and DVC failed to implement the state required Equal Employment Opportunity Plan that would have aided Guess in bringing his grievances to the attention of the District and DVC management and staff;

24. In or around September 2010, the District and DVC failed to properly respond to a grievance filed by Guess regarding his class load, resulting in a loss of pay to which Guess was entitled;

25. The District and DVC reprimanded Guess in or around September 2010 for complaints made by students against him based on his actions in class, including reprimanding students for disruptive conduct, such as talking on cell phones during class, in spite of a lack of uniform action against other teachers who took similar action against students in their classes;

26. The District and DVC failed in or around September 2010 to properly investigate a student complaint by Ishah Ramirez, including failing to interview students regarding Guess's alleged conduct against other students in Ms. Ramirez's class. This complaint was later used in January, 2012 as evidence against Guess during the proceedings resulting in his termination in February, 2012.

1    27.   In January, 2011, the District and DVC reprimanded Guess for failing to teach

2    an additional class, although Guess had a medical condition that precluded him from

3    adding to his class load. This reprimand resulted in a loss of accumulated medical leave

4    of 22.69 days.

5    28.   On January 24, 2011, after filing a grievance regarding additional class

6    assignments by Ellen Kruse, Guess discovered that on the authority of the District and

7    DVC, Peter Garcia and Gene Huff entered Guess's office and conducted an unauthorized

8    search. Susan Lamb and Ellen Kruse participated in the search by acting as lookouts.  On

9    information and belief, the search was done in retaliation for Guess's grievance regarding

10   his class assignment.

11   29.   In January, 2011, Lamb issued a "Notice of Unprofessional Conduct" and in

12   violation of previous grievance settlements, placed material in Guess's personnel file that

13   the District and DVC had agreed to remove.  Later, before the hearing on Guess's

14   termination was held a year later, certain letters exonerating Guess were removed from

15   his file.

16   30.   On August 8 2011, Guess was placed on administrative leave, pending further

17   actions. On October 7, 2011, Guess was placed on "suspension pending termination" and

18   sent a Statement of Charges in advance of the hearing on his possible termination.

19   31.   Following a Skelly hearing in January 2012, Guess was terminated by letter

20   dated February 22, 2012.

21

22                        **SECOND CLAIM FOR RELIEF**

23                        **Violation of 42 U.S.C. §1983**

24                        **Against All Defendants**

25   32.   Guess incorporates by reference paragraphs 1-31 above.

26   33.   Under 42 U.S.C. § 1983, a person whose rights under the Constitution or state

27   laws have been violated may bring an action against the governmental agency and

28
                                    6
                                COMPLAINT

1 | individuals acting under color of law whose acts have violated the aggrieved party's
2 | Constitutional rights.

3 | 34. The District, DVC and the individual defendants: Benjamin, in her official
4 | capacity as Chancellor of the District; Garcia, in his official capacity as President of
5 | DVC; Huff, in his official capacity as Vice Chancellor for Human Relations and Chief
6 | Negotiator of the District; Lamb, in her official capacity as the Vice President of
7 | Instruction at DVC; and Kruse in her official capacity as the Dean of the English and
8 | Business departments of DVC each violated Guess's right to be free of discrimination
9 | based on race in the terms and conditions of his employment by engaging in the actions
10 | set forth above in paragraphs 20-31.

12 | **WHEREFORE, PLAINTIFF PRAYS:**

13 | 1. For compensatory damages in an amount to be proven at trial;
14 | 2. For equitable relief, including, but not limited to reinstatement to his tenured
15 | position at DVC with all benefits and seniority;
16 | 3. For costs incurred herein; and
17 | 4. For such other and further relief as the Court may deem just and proper.

19 | Dated: June 1, 2012

PAUL GUESS

Plaintiff Pro Se

7
COMPLAINT