UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. GUESS,<br><br>        Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COMMUNITY COLLEGE DISTRICT, *et al.*,<br><br>        Defendants. | Case No. 12-cv-02829-YGR<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 70, 76 |

Defendants David Benjamin (the "ALJ") and the Office of Administrative Hearings ("OAH") have filed a Motion to Dismiss Plaintiff Paul R. Guess' Second Amended Complaint. (Dkt. No. 70.) Defendants Contra Costa Community College District ("the District"), Helen Benjamin, Peter Garcia, Gene Huff, Susan Lamb, and Ellen Kruse (collectively "the District Defendants") filed their Motion to Dismiss Plaintiff's Second Amended Complaint and for More Definite Statement. (Dkt. No. 76).

The Court having considered the motions, the oppositions, the matters judicially noticeable in connection with the motions, and the pleadings in this matter,[1] **ORDERS** as follows:

---

[1] In connection with their motion to dismiss, OAH and the ALJ seek judicial notice of: (1) the corrected decision of the ALJ; (2) Guess's petition for administrative mandamus filed in the state court; (3) the state court's decision sustaining a demurrer to the petition; (4) the state court's order dismissing the petition; (5) the opinion of the California Court of Appeal affirming the dismissal; and (6) the decision of the California Supreme Court denying certiorari on the dismissal order. The request for judicial notice of these public records is **GRANTED**.

Similarly, the District Defendants seek judicial notice of: (A) the District's Statement of Charges against Guess; (B) the decision of the ALJ dated May 31, 2013; (C) the corrected decision of the ALJ dated July 15, 2013; (D) Guess's petition for writ of mandamus; (E) the Superior Court's order dismissing his petition; (F) California Court of Appeal decision affirming that decision; and (G) the California Supreme Court's decision denying Guess's petition for review. The request for judicial notice of these documents, which are either public records or matters specifically alleged in the complaint and not offered for the truth of the statements therein, is **GRANTED**.

The Motion of OAH and the ALJ is **GRANTED WITHOUT LEAVE TO AMEND** on grounds of judicial immunity, and on grounds of Eleventh Amendment immunity with respect to OAH.

The Motion of the District Defendants is **GRANTED WITHOUT LEAVE TO AMEND** on grounds of collateral estoppel as to all claims except the claims alleging discrimination and retaliation under Title VII, which cannot be precluded by an unreviewed decision of an administrative agency.

The motion to dismiss the Title VII-related claims is **GRANTED WITH LEAVE TO AMEND** as to the ***District only***, to permit Guess to allege a clear, plain statement of the basis for his claim under Title VII, the ADA, or the Rehabilitation Act, to the extent not barred by the preclusive effect of the administrative hearing decision. *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986); *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 72 (2000). However, the motion is **GRANTED WITHOUT LEAVE TO AMEND** as to the individual District defendants, who would not be proper defendants to the Title VII-related claims, even if the claim can be restated against their employer, the District.

## I.   BACKGROUND

This litigation relates to the termination of Plaintiff Paul Guess, a former professor of Diablo Valley College ("DVC"). Guess alleges that he is an African-American male who was hired in the fall of 1990 as a probationary instructor in the English Department at DVC, and became a tenured professor as of 1992. (SAC ¶ 12.) He alleges that, over the course of his twenty-two years at DVC, he spoke about the issues such as diversity and lack of academic rigor, which placed him in conflict with the District, DVC administration, and a small number of students. (SAC ¶ 13.) He alleges that some students lodged discrimination complaints with DVC against him, which started as grade complaints or complaints about Guess's discipline of them. (*Id.*) He also alleges that he made a number of complaints about DVC's treatment of him, filing grievances through his union. (SAC ¶ 14.) Guess alleges that he won seven grievances against DVC, but DVC management and the Chancellor, defendant Helen Benjamin, continued efforts to make his working conditions so intolerable that he would retire. (*Id.*) He also filed an EEOC complaint in December of 2010. (SAC ¶ 16.)

On August 8, 2011, the District placed Guess on an administrative leave, and in October 2011 the District charged Guess with violations of Education Code section 87732, including immoral or unprofessional conduct; dishonesty; unsatisfactory performance; evidence unfitness for service; and persistent violation of, or refusal to obey, the school laws of the State or reasonable regulations prescribed by the Governing Board of the District. (SAC ¶ 15; District RJN Exh. A, p. 1.) On January 31, 2012, a pre-termination "*Skelly*" hearing was commenced. (SAC ¶ 15.) After the *Skelly* hearing, on February 7, 2012, Chancellor Benjamin sent Guess a letter stating that she intended to recommend his termination to the Board of Trustees of the District. (*Id.*) Following its meeting on February 22, 2012, the Board adopted a resolution that Guess be suspended immediately and terminated pending review in an administrative hearing, as required by California law. (*Id.*)

On May 24 and 25, 2012, Guess alleges he filed amended EEOC complaints against the District. (SAC ¶ 16.) The EEOC issued a right-to-sue letter on March 1, 2012, on his original complaint, and a June 1, 2012 right-to-sue letter based on his May complaints. (*Id.*)[2]

During the fall of 2012 and continuing on through January 31, 2013, the ALJ conducted a hearing over some twenty-three days concerning Guess's termination and the District's charges against him. (SAC ¶ 15, p.13:10-11.) The ALJ issued a decision on May 31, 2013, in favor of the District on grounds of unprofessional conduct and evident unfitness for service. (SAC ¶ 15; District RJN, Exh. B at 22.) On July 15, 2013, the ALJ issued a corrected decision which was substantially the same, but included a notice at the end regarding the time period for seeking reconsideration of the decision. (District RJN, Exh. C at 22.)

Guess sought to challenge the ALJ's decision through the submission of a petition for writ of administrative mandamus in the Superior Court of the County of Contra Costa. (SAC at ¶ 17:2-3, 13-15; District RJN Exh D.) The Superior Court dismissed the petition as not having been filed timely. (SAC at ¶ 17:2-25; District RJN, Exh. E.) Guess then appealed to the California Court of Appeal, which affirmed the dismissal of the petition. (SAC at ¶ 17:26-27; District RJN, Exh. F.)

---

[2] Guess filed suit in this Court on June 1, 2012. This action was stayed pending administrative proceedings and then during the pendency of the state court proceedings.

3

Finally, Guess petitioned the California Supreme Court for review of the Court of Appeal's decision and his petition was denied on January 27, 2016. (District RJN, Exh. G.)

Guess filed his SAC in this action on April 26, 2016.

## II. APPLICABLE STANDARD

A motion under Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. To avoid a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*")). Although a pleading does not require "detailed factual allegations," plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, the "factual allegations . . . must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*. Leave to amend is within the sound discretion of the court and may be denied when it would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) (leave to amend properly denied because plaintiff could not state a plausible basis for relief under the circumstances alleged, making amendment futile).

## III. DISCUSSION

Guess asserts twenty claims against nine defendants, including Diablo Valley College, the Contra Costa Community College District, and five individual District administrators. As previously defined, the remaining two defendants are the OAH (Office of Administrative Hearings) and the ALJ (Administrative Law Judge David Benjamin). Guess's Second Amended Complaint (SAC, Dkt. No. 64, filed April 26, 2016), alleges his claims and prays for damages

4

1  (including punitive damages) and injunctive relief against all defendants, but in many respects is
2  ambiguous as to which defendants he claims are responsible for which acts, or from which
3  defendants he seeks punitive damages.

4  Many of the numbered claims in the SAC contain more than one distinct legal theory for
5  relief.  Broadly, Guess claims defendants: (1) failed to engage in an "interactive process" after he
6  notified them of a disability and retaliated by assigning additional classes when he could not teach
7  a normal load [Claim 1]; (2) entered into his office on three occasions without notice, probable
8  cause, or warrant [Claim 2]; (3) failed to provide evaluative notice in connection with termination
9  [Claim 3]; (4) improperly terminated him based upon a "needs improvement" evaluation [Claim
10  4]; (5) improperly denied him an opportunity to correct his conduct [Claim 5]; (6) charged him
11  with unfitness without a report from a statewide professional organization to that effect [Claim 6];
12  (7) refused to comply with his *Skelly* rights (*e.g.*, notice of basis for accusation; prohibition of
13  hearsay and anonymous statements; disclosure of exculpatory documents, impartial *Skelly* officer)
14  [Claim 7]; (8) refused to provide documents earlier in the process as required by collective
15  bargaining agreement [Claim 8]; (9) considered evidence more than four years prior to his
16  termination, contrary to statute [Claim 12]; (10) gave him vague directives concerning grading
17  standards [Claim 13]; (11) restricted and terminated him in violation of his free speech rights
18  [Claim 15]; (12) chilled his speech, denied him due process, and denied him an interactive process
19  based upon race and gender discrimination [Claim 16]; (13) retaliated against and harassed him
20  because he engaged in protected activities including free speech, grievances, and academic
21  freedom and sought to make his work environment hostile so that he would retire after they
22  learned he needed surgery [Claim 17 (1st)]; and (14) failed to conduct a fair investigation [Claim
23  17 (2d)].

24  Guess also alleges, apparently as to the ALJ (and OAH) only, that they: (1) violated his
25  due process in the course of the administrative hearing by not allowing him to present certain
26  evidence or cross-examine certain witnesses [Claim 9]); (2) upheld his termination on grounds of
27  insubordination despite finding that the factual basis was not established [Claim 10]; (3) denied
28  him due process based upon a misreading of *Morrison v. State Board of Education,* 1 Cal.3d 214

(1969) [Claim 11]; and (4) gave him insufficient notice of the time to file a writ petition [Claim 14]. He alleges that all defendants except the OAH and the ALJ conspired to violate his federal law and constitutional rights under 42 U.S.C. section 1985(c) [Claim 18], and that all defendants acted under color of law to deprive him of his civil rights under 42 U.S.C. section 1983 [Claim 19]. Although many of the claims allege Constitutional and other statutory bases, Guess states in his opposition that he bases liability on Section 1983 and Title VII and relies on the other law to the extent they demonstrate his rights were violated. (Oppo. at 13-14, 18-19.)

The two pending motions to dismiss are brought by: (1) the OAH and the ALJ; and (2) the District and its administrators (collectively, "the District Defendants"). The Court considers each in turn.

### A. Motion to Dismiss by OAH and the ALJ

*1. Eleventh Amendment Immunity*

OAH first moves to dismiss on the grounds that constitutional claims against it are barred by the Eleventh Amendment to the United States Constitution and because OAH is not a "person" subject to suit under 42 U.S.C. section 1983. The Eleventh Amendment prohibits a suit in federal court by a private party against a state, or a state agency, unless the State has consented to the suit or Congress has abrogated Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment bars any case in which a state or an arm of the state is defendant. *Durning v. Citibank*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991). OAH is a subdivision of the California Department of General Services, a state agency. Cal. Gov't Code § 11370.2(a). Thus, OAH has Eleventh Amendment immunity in the absence of a statutory abrogation of that immunity or waiver.

Congress has enacted a limited abrogation of state sovereign immunity for actions brought under 42 U.S.C. section 1983. *Pennhurst*, 465 U.S. at 99 (citing *Quern v. Jordon*, 440 U.S. 332, 342 (1979)). However, states and state agencies are not "persons" subject to suit under section 1983. In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989), the United States Supreme Court held that a State is not a "person" amenable to suit under section 1983. *Id.* at 63. Likewise, a state agency is not a "person" subject to suit under section 1983. *Maldonado v.*

6

*Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (Caltrans, a state agency, was not a person within the meaning of section 1983 and therefore not amenable to suit under that statute). As a state agency, OAH is not a "person" for purposes of a section 1983 claim. Thus, the claims against OAH are properly dismissed on Eleventh Amendment immunity grounds.[3]

*2. Judicial and Quasi-Judicial Immunity*

Second, OAH and the ALJ both move to dismiss on grounds of judicial immunity. Judges are absolutely immune from civil liability for their judicial acts. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347 (1872) and *Pierson v. Ray,* 386 U.S. 547 (1967)). Further, court personnel have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis*, 828 F.2d at 1390.

To determine whether absolute judicial immunity applies, the allegations must be clear enough to ascertain whether the subject acts were undertaken in the judge's role of resolving and adjudicating issues, rather than administrative, legislative, or executive functions performed by a judge which are not entitled to immunity. *Cf. Forrester v. White*, 484 U.S. 219, 230 (1988) (judge not entitled to absolute immunity for his decisions to demote and discharge court employee). A judge retains judicial immunity even if the judge's actions violated procedural requirements, were legally erroneous, or were done maliciously. *Stump v. Starkman*, 435 U.S. 349, 356-57, 359 (1978). Rather, a judge will be subject to liability only for acts that are not judicial in nature or are undertaken in "clear absence of all jurisdiction." *Id.* at 357.

Guess confuses the "clear absence of all jurisdiction" limit on *judicial* immunity with statements in the case law concerning a *school district's* "jurisdiction" to proceed with a teacher's dismissal when the school district fails to give a notice that complies with California Education Code section 44938(a). *Cf. Woodland Joint Unified Sch. Dist. v. Comm'n on Prof'l Competence*, 2 Cal. App. 4th 1429, 1446 (1992) (school district lacks "jurisdiction" to proceed with dismissal without notice, and subsequent actions are invalid). Guess contends that the District failed to

---

[3] Likewise, to the extent the ALJ is sued in his official capacity, as a state official he also would not be considered a "person" for purposes of a section 1983 claim for damages against him.

7

comply with the pre-termination notice provisions in the Education Code, and failed to conduct the evaluations required under California Education Code sections 87734 and 87671 concerning dismissal for insubordination. At most, Guess's allegations would mean that the District acted without jurisdiction in its grounds for dismissal. These allegations do not, however, establish that the ALJ was without jurisdiction to make a decision whether the District had acted improperly in its termination of Guess. Indeed, even if the ALJ made errors in his determination or acted inconsistently with the Education Code, such conduct would only have been "in excess of" his jurisdiction under those statutes, not in "clear absence of all jurisdiction" to decide such disputes, and therefore would still enjoy absolute immunity. *See Stump,* 435 U.S. at 357 n. 7 ("if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune").

Thus, the Court concludes that the claims against OAH and the ALJ must be dismissed. As leave to amend would be futile under the circumstances, the dismissal is with prejudice.[4]

**B.     District Defendants' Motion**

The District Defendants move to dismiss or for a more definite statement based on numerous grounds including: res judicata and collateral estoppel; Eleventh Amendment immunity as to the District and the individual District Defendants sued in their official capacities; failure to exhaust pre-filing requirements as to Guess's FEHA and Title VII claims; failure to comply with the California Government Tort Claims Act as to his California law claims; governmental immunity and failure to offer a valid statutory basis for his California law claims against the District; unavailability of punitive damages against the District; and a laundry list of other bases

---

[4] OAH and the ALJ also moved to dismiss under the *Rooker-Feldman* doctrine's prohibition against federal de facto appeals of state court decisions. However, the applicability of that doctrine is limited and appears inapposite to the claims here. "Without a direct challenge to a state court's factual or legal conclusion, Plaintiffs' suit is not a forbidden de facto appeal, and *Rooker–Feldman* is inapplicable." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). Given that the other two grounds for dismissal completely dispose of the claims against OAH and the ALJ, the Court need not reach a decision on the merits of this argument.

for finding that the complaint does not allege sufficient facts to state the various claims.

### *1. Res Judicata and Collateral Estoppel*

The District contends that all of Guess's claims are precluded by the doctrines of res judicata and collateral estoppel. The District provides detailed citations to the ALJ's decision showing that each of the issues raised by Guess here were addressed during the administrative proceedings, from the claimed Fourth Amendment violation for searching his office, to the complaints regarding the District's notice of the charges and opportunity to correct his conduct in connection with his termination, to the free speech and disability accommodation issues. The District argues that the proceedings before the ALJ concerned the same events as alleged here, and all the claims that were or could have been asserted there should be barred here.

Res judicata is the principle that a final judgment on the merits of an action precludes a party from relitigating issues that were or could have been raised in an action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Tritz v. U.S. Postal Service*, 721 F.3d 1133, 1141 (9th Cir. 2013); *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 714 (9th Cir. 2011). Relatedly, the principle of collateral estoppel provides that a final decision on a particular issue will preclude a party from relitigating that same issue in a later action. *Allen,* 449 U.S. at 94; *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, fn. 5 (1979). Federal courts must give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so. *Allen*, 449 U.S. at 96. Moreover, the United States Supreme Court has specifically held that res judicata and collateral estoppel apply to section 1983 actions. *Id.* at 105.

"[W]hen a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Elliott*, 478 U.S. at 799 (citing *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422 (1966)); *see also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1305 (2015) ("[A]bsent a contrary indication, Congress presumptively intends that an agency's determination . . . has preclusive effect."). California claim preclusion law determines whether Guess's claims are precluded by the prior administrative proceeding and mandamus petition.

*White*, 671 F.3d at 926. "Under California law, a prior administrative proceeding, if upheld on review (or not reviewed at all), will be binding in later civil actions to the same extent as a state court decision if 'the administrative proceeding possessed the requisite judicial character.'" *White*, 671 F.3d at 927 (quoting *Runyon v. Bd. of Tr.,* 48 Cal.4th 760, 773 (2010)). To determine whether the agency is acting in a judicial capacity, both the U.S. Supreme Court and the California courts require consideration of several factors, including whether:

> (1) the administrative hearing was conducted in a judicial-like adversary proceeding; (2) the proceeding required witnesses to testify under oath; (3) the agency determination involved the adjudicatory application of rules to a single set of facts; (4) the proceedings were conducted before an impartial hearing officer; (5) the parties had the right to subpoena witnesses and present documentary evidence; and (6) the administrative agency maintained a verbatim record of the proceedings.

*White v. City of Pasadena*, 671 F.3d 918, 927–28 (9th Cir. 2012) (citing *Imen v. Glassford,* 201 Cal.App.3d 898, 906 (1988)); *accord, Utah Construction & Mining*, 384 U.S. at 422 (listing similar factors for giving preclusive effect to unreviewed administrative agency decision). In addition, a court may consider "whether the hearing officer's decision was adjudicatory and in writing with a statement of reasons," and whether the hearing officer's decision was adopted by the director of the agency "with the potential for later judicial review." *Id.* Where an administrative law judge resolves issues of fact on issues that the parties have been given an adequate opportunity to litigate, that decision has a preclusive effect in subsequent litigation. *Johnson*, 24 Cal. 4th at 72; *Elliott*, 478 U.S. at 799. If the administrative decision is of a sufficiently judicial character, and affords basic indicia of due process, it may have preclusive effect, even if it is never challenged via judicial review. *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 867 (2010) (citing *Johnson*).

For the section 1983 and FEHA claims alleged by Guess, the administrative proceedings are binding, despite his failure to obtain a review on the merits via his writ petition. *Takahashi v. Bd. of Educ.*, 202 Cal. App. 3d 1464, 1473 (1988); *Johnson*, 24 Cal. 4th 61, 74-75 (2000) (FEHA claims precluded by administrative decision but Title VII claims were not). *Takahashi* is instructive. There, a teacher challenged her termination for incompetency in administrative

1  hearing proceedings and lost. She failed to seek writ review of that decision, but brought claims

2  for constitutional violations pursuant to 42 U.S.C. § 1983 in connection with her termination in

3  federal court. The Ninth Circuit upheld dismissal of that action as precluded by the administrative

4  proceedings. *Id.* at 1471. Plaintiff then filed a complaint for breach of contract and conspiracy to

5  defraud based on her termination in the state court. The California Court of Appeal held that her

6  claims all involved the same primary right to be free from wrongful termination, that her claims

7  were barred by the prior administrative proceedings, whether she raised the specific constitutional

8  basis or theory of wrongdoing in those proceedings or not. *Id*. at 1475-76. The administrative

9  decision precluded litigation on this primary right on all grounds, whether or not asserted in the

10 prior proceedings. *Id*. at 1476, 1482, 1485.

11 Here, the administrative proceedings were held pursuant to California Education Code

12 sections Code 87667, 87672, and 87678-82 and Government Code sections 11500 et seq. The

13 statutes provide for notice, discovery, examination of witnesses, an impartial hearing officer, a

14 written decision and judicial review. *See* Cal. Educ. Code § 87679 (discovery rights coextensive

15 with civil case in superior court); Cal. Gov't Code §§ 11505, 11507, 11509, 11512, 11513, 11517,

16 11518, 11523. It therefore has a preclusive effect as to Guess's claims, which are all based upon

17 the same primary right, at least insofar as those claims are not based upon Title VII.

18 However, Title VII actions are an exception to the general rule. Under Title VII, a prior

19 state administrative decision enjoys preclusive effect *only if reviewed by a court on its merits*.

20 *Johnson*, 24 Cal.4th at 77 (court review of administrative decision that dismissed petition based

21 upon laches was not decision on the merits and not entitled to preclusive effect as against Title VII

22 claim); *Elliott*, *supra*, 478 U.S. 778, 795-96 (1986) (no preclusive effect for unreviewed

23 administrative agency decision in Title VII action) ; *Astoria Fed. Sav. & Loan Ass'n v. Solimino*,

24 501 U.S. 104 (1991) (stating presumption of preclusive effect, but holding that federal age

25 discrimination statute overrode that presumption as to unreviewed findings of state administrative

26 and therefore had no preclusive effect); *McInnes v. State of Cal.*, 943 F.2d 1088, 1093 (9th Cir.

27 1991); *see also Garrett v. City & Cty. of San Francisco*, 818 F.2d 1515, 1520 (9th Cir. 1987)

28 (Title VII claim not precluded by administrative decision reviewed by petition for writ of mandate

11

where grounds for review did not include merits of discrimination claim). Under California law, a decision dismissing an action for untimely filing is not a decision "on the merits" for purposes of preclusive effect under California law, but is only a technical or procedural termination. *Mid-Century Ins. Co. v. Superior Court*, 138 Cal. App. 4th 769, 776–77 (2006); *see also Johnson*, 24 Cal. 4th at 77 (dismissal of petition for review of administrative decision on grounds of laches sufficient to bar FEHA claim, but was not a "decision on the merits" that would bar a Title VII claim). Consequently, the underlying decision here, though decided on its merits before the ALJ and subject to review, was not reviewed on its merits due to the dismissal of reviewed by the California courts, was not reviewed and dismissed on its merits, since Guess's petition was dismissed on procedural timeliness grounds. Thus, Guess's claims alleging liability under Title VII are not precluded by the prior administrative proceedings.

In sum, the prior administrative decision precludes all claims against the District and its employees except for any claims Guess alleged pursuant to Title VII. All claims other than Claims 1, 16, and the first numbered 17 are **DISMISSED WITH PREJUDICE** on claim preclusion grounds.[5]

### *4. Title VII Claims*

Guess's Claims 1, 16, and the first claim numbered 17 all allege Title VII as part of their basis. Claim 1 alleges the District defendants failed to engage in an "interactive process" after he notified them of a disability, *i.e.* he was undergoing surgery and could not teach a "normal" course

---

[5] The Court notes that Guess's FEHA claims and section 1983 claims, to the extent they are alleged against the District and against District employees in their official capacities, also would be barred by Eleventh Amendment immunity. *See Mitchell v. Los Angeles Community College Dist.* 861 F.2d 198, 201 (9th Cir.1988) (community college districts are state entities for Eleventh Amendment purposes and are not "persons" subject to suit under section 1983); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir.1999) (FEHA claims against the State brought *in federal court* are barred by the Eleventh Amendment). Moreover, Guess's claims relying only on state law refer to statutes and regulations under which he has no private right of action and has alleged no compliance with the California Government Tort Claims Act, a prerequisite to any claim for money damages, would likewise bar those claims to the extent Guess intended to plead them as separate from his section 1983 theory. *See Shirk v. Vista Unified School Dist.*, 42 Cal.4th 201, 209 (2007); *Loehr v. Ventura County Community College Dist,.* 147 Cal.App.3d 1071 (1983).

load of four classes per semester, and engaged in retaliation by assigning additional classes anyway. (SAC pp. 5-6.) Claim 16 alleges that the District defendants acted in violation of Title VII because they sought to chill speech, deny due process, and deny any interactive process based upon Guess's race, among other things. (*Id.* pp. 21-22.) Claim 17 alleges that the District defendants retaliated against and harassed Guess because he engaged in protected activities, including free speech, right to speak with exculpatory witnesses, right to grieve, and right to assert "academic freedom," and that they sought to make his work environment so hostile that he would retire early, after they learned he needed surgery. (*Id.* pp. 22-24.)

Defendants raise three arguments particular to the Title VII claims: (a) failure to exhaust the administrative claims process timely; (b) individual employees are not proper defendants to the claims; (c) and failure to allege a plausible claim. The Court addresses each.

### a. <u>Failure to exhaust remedies timely</u>

Defendants contend that Guess did not file his charge with the EEOC timely. To bring a Title VII action, a plaintiff must first exhaust administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir.1995). Exhaustion requires that plaintiff file an EEOC charge within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1).

Guess alleges that the filed a complaint with DFEH on April 3, 2010, and that he filed charges of discrimination with the EEOC on May 24 and 25, 2012. (SAC ¶¶ 15, 16.) He alleges he was issued a right to sue letter by EEOC on June 1, 2012. (SAC ¶ 16.) Guess contends that the pertinent date of the adverse action by the District was February 22, 2012, when it suspended and terminated him pending the outcome of the administrative hearing, or February 27, 2012, when he received notice of that suspension and termination. Thus, he contends that filing in May of 2012 as alleged would be well within the 180-day filing period. The Court cannot find, as a matter of law on the face of the pleadings, that this was untimely. Arguments on this basis are denied.

### b. <u>Individual Employees are not Proper Defendants</u>

The District Defendants further argue for dismissal of the individual employees named because a Title VII claim cannot be stated against them individually. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (individuals, including supervisors, not liable as employers

13

under Title VII). In his opposition, Guess essentially concedes that he has named them because the District would be liable for their conduct on a *respondeat superior* basis. This is not grounds for naming them individually as defendants. The individual District defendants are therefore **DISMISSED WITH PREJUDICE** from the Title VII Claims.

    c.  Failure to Plead a Plausible Claim

The District Defendants contend that Guess has not alleged a plausible claim for discrimination or retaliation under Title VII based upon race or gender. The claims alleged by Guess, particularly Claim 1, appear to be claims for retaliation or discrimination on account of disability, which is not part of Title VII. In opposition to the motion, Guess argues that he should be permitted to amend to allege a claim under the ADA or Rehabilitation Act instead. Even Claim 16, which is labeled race and gender discrimination, alleges that Guess was denied any interactive process based upon his race—a claim that appears to blend together disability- and race-based claims.

A Title VII claim would require that Guess allege: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) circumstances indicate that adverse treatment was on account of his protected status. . *See, e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Fonseca v. Sysco Food Services of Arizona, Inc.,* 374 F.3d 840, 847 (9th Cir.2004). To allege a claim for retaliation in violation of Title VII, he would need to allege that: (1) he engaged in "protected activity," *i.e.*, he opposed conduct made unlawful by Title VII or participated in a charge or proceeding under Title VII; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *See Nilsson v. City of Mesa,* 503 F.3d 947, 953–54 (9th Cir.2007). Generalized allegations of engaging in protected free speech or due process activities are not sufficient. He would also need to allege that such claims were asserted in a timely charge before the EEOC. The operative complaint here does not do so.

Because the claims here relied on constitutional bases that are barred in this action, and mixed together disability and non-disability allegations in support of the claim, the complaint does not allege, sufficiently and clearly, the elements of a Title VII claim against the District.

Therefore, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** to permit Guess to allege the elements of a claim for discrimination and/or retaliation under Title VII, the ADA, or the Rehabilitation Act.

In amending his complaint, Guess must heed the restriction that punitive damages are not available against a public entity. *See* Cal. Gov't Code § 818; *Westlands Water Dist. v. Amoco Chem. Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991); *see also* 42 U.S.C. § 1981a(b)(1) (punitive damages not available against public entity under Title VII).

## IV. CONCLUSION

For the reasons stated herein:

(1) the motion of the ALJ and OAH to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. All claims against the ALJ and OAH are **DISMISSED**.

(2) the motion of the District defendants is **GRANTED IN PART AND DENIED IN PART**. As to the claims against the individual District defendants, the motion is **GRANTED WITHOUT LEAVE TO AMEND** and all claims against them are **DISMISSED**. As to the District, the motion is:

(a) **GRANTED WITHOUT LEAVE TO AMEND** as to all claims other than the alleged Title VII claims and those claims are **DISMISSED**;

(b) **GRANTED WITH LEAVE TO AMEND** as to the alleged Title VII claims.

Plaintiff Guess may file an amended complaint alleging a claim against the District (only) for discrimination and/or retaliation under Title VII, the ADA, or the Rehabilitation Act as to which he has exhausted the charge-filing requirements. If Guess elects to do so, he shall file his Third Amended Complaint no later than **November 1, 2016**. In amending his complaint, Guess is directed to limit the allegations and claims only to those he has been granted leave to allege, and not reiterate those that have been dismissed by this order. The District shall file its response within 21 days thereafter.

**IT IS SO ORDERED.** This order terminates Docket Nos. 70 and 76.

Dated: October 12, 2016

_____
**YVONNE GONZALEZ ROGERS**
United States District Judge