UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. GUESS,<br><br>              Plaintiff,<br><br>      v.<br><br>CONTRA COSTA COMMUNITY COLLEGE DISTRICT,<br><br>              Defendant. | Case No. 12-cv-02829-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 97 |

Presently before the Court is the motion of Defendant Contra Costa Community College to dismiss the Third Amended Complaint ("TAC") filed by Plaintiff Paul R. Guess. (Dkt. No. 97.) The parties appeared for oral argument on January 31, 2017.

Having carefully considered the parties' briefing in support of and in opposition to the motion, the pleadings in this matter, and the arguments at the hearing, and for the additional reasons stated on the record, the Court **ORDERS** as follows:

The motion is **GRANTED IN PART** as to Plaintiff's Claims 1 and 2 to the extent they are alleged under Title I of the Americans with Disabilities Act. Title I does not abrogate the District's sovereign immunity and therefore the claim is barred by Eleventh Amendment. *Bd. of Trs. of the Univ. of Alabama v. Garrett,* 531 U.S. 356 (2001). Even if the claims were limited to injunctive relief, such a claim against the state entity itself is barred by the Eleventh Amendment. *See Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972-73 (9th Cir. 1994). Therefore, that portion of Claims 1 and 2 that alleges the District violated Title I of the ADA is **DISMISSED WITHOUT LEAVE TO AMEND**.

The motion to dismiss is otherwise **DENIED**.

The District's arguments based on failure to exhaust are not grounds for dismissal at the pleading stage. The TAC sufficiently alleges grounds for considering the adverse actions,

including Guess's termination, to be part of a continuing violation, as well as grounds for considering the conduct allegedly occurring in 2009 and 2010 to be covered by the 2010 EEOC charges. That Guess did not allege the 2010 EEOC charges in his prior complaint does not preclude him from alleging them now.

The motion to dismiss on grounds of failure to state a disability discrimination or disability retaliation claim is without merit. The allegations of the claim for disability discrimination and unlawful retaliation under the Rehabilitation Act sufficiently set forth a request for accommodation of a disability on December 16, 2010, and the District's increase of Guess's workload on December 17, 2010. Whether Guess's alleged limitations meet the definition of disability under the statute, and thus whether the District had an obligation to engage in the interactive process and provide reasonable accommodation, are issues of fact that cannot be determined on the face of the pleadings.

The motion to dismiss on the grounds that the TAC does not sufficiently allege claims for race and gender discrimination, retaliation for filing a Title VII charge, and hostile work environment on account of race or gender likewise fails. Guess alleges that he was treated differently from other professors who were not African-American males in terms of the District's willingness to act on a request for a modification in work load due to a medical condition. Regardless of whether his medical condition meets the definition of disability under the Rehabilitation Act, Guess has sufficiently alleged Title VII claims. Guess alleges: the District discriminated in its refusal his request not to modify his workload in the semester after his surgery, in comparison to its acceptance of white, female professors' similar requests; the District retaliated against him by denying him accommodations on account of his making EEOC complaints; and the District reprimanded, restricted, and took other actions against Guess on account of his race and gender.

In sum, and viewing the allegations in the light most favorable to Guess, the Third Amended Complaint sufficiently alleges claims against the District for:

(1) failure to provide reasonable accommodation for disability in violation of the Rehabilitation Act;

1  (2) retaliation in violation of Rehabilitation Act;

2  (3) race and gender discrimination in violation of Title VII;

3  (4) retaliation in violation of Title VII;

4  (5) hostile work environment based on race and gender in violation of Title VII.

5 The District shall file its answer to these claims no later than **February 24, 2017**.  Guess's claims
6 of violation of Title I of the ADA (as stated in portions of Claim 1 and Claim 2 of the TAC) are
7 **DISMISSED**.

8  The Court **SETS** a case management conference for **February 27, 2017**, at 2:00 p.m. in
9 Courtroom 1, Federal Courthouse, 1301 Clay Street, Oakland.  The parties shall file their joint
10 case management statement no later than **February 20, 2017**.

11  **IT IS SO ORDERED.**

12  This order terminates Docket No. 97.

13 Dated: February 2, 2017

14  _____
15  **YVONNE GONZALEZ ROGERS**
    United States District Judge